UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED ACTION

CASE NO. 20-60851-CIV-SINGHAL
CASE NO. 20-22207-CIV-SINGHAL
CASE NO. 20-22316-CIV-SINGHAL
CASE NO. 20-22594-CIV-SINGHAL

IN RE: UNIVERSITY OF MIAMI COVID-19 TUITION
AND FEE REFUND LITIGATION
_____/

## ORDER CONSOLIDATING CASES

**THIS CAUSE** is before the Court upon the Notice of Pending, Refiled, Related or Similar Actions filed by Defendant, University of Miami. Four putative class action cases against the University of Miami have been assigned to this Court: *Dimitryuk v. University of Miami,* Case No. 20-60851-CIV-SINGHAL; *Weiss v. University of Miami,* Case No. 20-22207-CIV-SINGHAL[1]; *Gold v. University of Miami*, Case No. 20-22316-CIV-SINGHAL; and *Dixon v. University of Miami*, Case No. 20-22549-CIV-SINGHAL. Each case seeks a partial refund of tuition and fees paid by (or on behalf of) University of Miami students for the Spring 2020 semester after the university transitioned to remote online learning in March 2020 in response to the COVID-19 pandemic.

The parties have filed statements on whether the cases should be consolidated[2] and the Court has heard argument of counsel. Plaintiffs assert that the cases should be consolidated and have agreed to appointment of a lead counsel. The University of Miami

---

[1] The *Weiss* case was filed first in the District of South Carolina but was transferred to this Court after *Dimitryuk* was filed.

[2] The University of Miami has moved to dismiss or stay the *Gold, Weiss,* and *Dixon* cases while the Court proceeds with the *Dimitryuk*, which was the first-filed in this District. The *Dimitryuk* case is not yet at-issue, but a motion to dismiss the Amended Complaint is fully briefed.

opposes consolidation and argues that the Court should proceed with the first case filed in this District and stay or dismiss the three remaining cases. After careful consideration, the Court determines that the cases should be consolidated.

Federal Rule of Civil Procedure 42(a) authorizes the district court to consolidate cases when the cases involve common questions of law or fact. "This rule is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel and for litigants.'" *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citations omitted). "In exercising its considerable discretion, the trial court is obliged to consider whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Eghnayem v. Bos. Sci. Corp.,* 873 F.3d 1304, 1313–14 (11th Cir. 2017) (citations omitted). "District court judges in this circuit have been urged to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *Id.* (quoting *Young v. City of Augusta*, 59 F.3d 1160, 1169 (11th Cir. 1995)).

There is no dispute that the four cases before the Court arise out of the same facts and circumstances and seek the same relief. And there is no dispute that proceeding on four nearly identical cases at the same time will burden the Court, the parties, and witnesses with unnecessary expenditures of time and resources. The University of Miami

clearly stated so in the motions to dismiss or stay filed in the *Weiss, Gold,* and *Dixon* cases.

The University of Miami argues that only one case – *Dimitryuk* – should proceed and the others should be dismissed or stayed. Indeed, the University filed no substantive motions in *Weiss, Gold,* or *Dixon.* Rather, it moved to dismiss or stay those cases and allow *Dimitryuk* to proceed as the first-filed case. The first-filed rule, however, is not applicable in this case because all four cases are in the same district. "The first-filed rule provides that when parties have instituted competing or parallel litigation <u>in separate courts</u>, the court initially seized of the controversy should hear the case." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,* 675 F.2d 1169, 1174 (11th Cir.1982) (emphasis added)). For the first-filed rule to apply, the cases must be in different courts; when the competing cases are filed in the same court, the remedy is consolidation pursuant to Rule 42. *See id.* ("The first-filed rule not only determines which court may decide the merits of substantially similar cases, but also generally establishes which court may decide whether the second filed suit must be dismissed, stayed, <u>or transferred and consolidated</u>." (emphasis added)). In that all four cases are pending in the same court, the Court concludes that consolidation is the proper course of action.

The Court is mindful of the University of Miami's concern about delay and duplicative work given that Motion to Dismiss in *Dimitryuk* is fully briefed. On balance, however, the relatively slight delay and extra work generated by the filing of a consolidated complaint is outweighed by the efficiency and judicial economy served by consolidation. Accordingly, it is hereby

3

**ORDERED AND ADJDUGED** as follows:

1. Case Numbers 20-22207-CIV-SINGHAL, 20-22594-CIV-SINGHAL, AND 20-22316-CIV-SINGHAL are **CONSOLIDATED** with Case Number 20-60851-CIV-SINGHAL.

2. All pleadings and papers shall be filed with Case Number 20-60851-CIV-SINGHAL and shall henceforth bear the new consolidated caption set forth by the Court on page 1 of this Order.

3. Plaintiffs shall file a Motion to Appoint Lead Counsel no later than August 7, 2020.  Lead Counsel shall file a Consolidated Complaint within fourteen (14) day of appointment.

4. Case Numbers 20-22207-CIV-SINGHAL, 20-22594-CIV-SINGHAL, AND 20-22316-CIV-SINGHAL shall be **ADMINISTRATIVELY CLOSED**.  Any documents filed in the administratively closed cases in the future shall be **<u>automatically stricken.</u>**

5. The Clerk shall place a copy of this Order in each of the following cases:  Case Numbers 20-22207-CIV-SINGHAL, 20-22594-CIV-SINGHAL, AND 20-22316-CIV-SINGHAL.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 5th day of August 2020.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF